UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT M. COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2427-JWL |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM & ORDER**

Presently before the court is plaintiff Robert M. Coleman's application (doc. 26) for an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $10,905.84, for 68 hours of attorney time at $160.38 per hour, and costs in the amount of $350.00. Defendant, the Commissioner of Social Security, does not oppose an award of EAJA fees, the rate proposed, or costs, but maintains that the number of hours billed is excessive. The EAJA requires that attorney's fees and other expenses, for which reimbursement is sought, must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A), and the court has a duty to make an independent evaluation of the reasonableness of counsel's bill. *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983). Upon that evaluation, the court finds that fees should be awarded in the amount of $9302.04

I. **Background**

Plaintiff, Mr. Coleman, applied for disability insurance benefits. The application was denied administratively in 2001 and again after reconsideration in early 2002. On May 29, 2003 the Administrative Law Judge ("ALJ") issued a favorable decision for Mr. Coleman, finding that he had been disabled since early 2001. In October 2003, the Appeals Council of the Social Security Administration vacated the ALJ's decision and remanded for further fact-finding. In an April 2004 decision, the same ALJ found that the plaintiff was not disabled through December 31, 2001, when his insured status expired. On April 30, 2004, Mr. Coleman filed his request for a review of the ALJ's decision. Ms. Ernzen, who also is Mr. Coleman's counsel before this court, wrote two letters in February and May 2006 raising several issues in support of Mr. Coleman's request for review. The Appeals Council denied plaintiff's request. The case was then brought before this court pursuant to 42 U.S.C. § 405(g), which entitles a district court to review the Commissioner's final decision.

In this case the ALJ's decision was the final decision for this court to review because the Appeals Council declined review and did not issue a decision. Mr. Coleman, through his counsel, Ms. Ernzen, raised several issues in the initial brief, many of which were similar to those raised in the letters to the Appeals Council. The case was assigned to a magistrate judge who issued a report and recommendation to reverse and remand the case, which was adopted by this court. The reversal was based, in sum, on the ALJ's failure to consider certain required factors and related evidence in evaluating the treating physician's opinion and assessing Mr. Coleman's residual functional capacity.[1]

---

[1] The magistrate judge pointed out several missing explanations and factors not considered that are required when making certain determinations applicable to this case. *Coleman v. Astrue*, 2007 WL 3396477 (D. Kan. Nov. 13, 2007). For example, "the ALJ erred in failing to provide a

As a result of the reversal and remand to the ALJ, Ms. Ernzen on behalf of Mr. Coleman submitted an application for attorney's fees pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act ("EAJA"). Along with this she submitted an affidavit incorporating by reference, Exhibit A, which is a list of "actual hours of work performed" on Mr. Coleman's case. (doc. 26, ¶ 12, referencing attached Exhibit A)  It provides the dates, number of hours, and a description of the work completed in a list format. She expended a total of 62.25 hours in Mr. Coleman's case, including the preparation of the EAJA application, incurred $350.00 in costs, and in her Reply requested payment for an additional 5.25 hours for preparing the Reply and .5 hours for settlement negotiations, for a total of 68 hours.

Defendant concedes that an award of attorney's fees under the EAJA is appropriate in this case but challenges the number of hours as unreasonable. Defendant makes several arguments to show the hours spent were unreasonable. First, defendant claims that in "routine cases" experienced attorneys typically are awarded compensation for less than forty hours, not more than sixty. In support of the allegation that this is a routine case, defendant asserts that the administrative record and medical evidence totaled under five-hundred pages, which is typical,

---

proper rationale for rejecting Dr. Spencer's [the treating physician] opinions." *Id.* at *7. "[T]he opinion must be evaluated in accordance with regulatory factors. . . the ALJ did not explain how that relationship detracts from the weight to be given to Dr. Spencer's opinion . . . did not explain how Dr. Hood's reports. . . are particularly relevant to Dr. Spencer's opinion . . . did not explain how Dr. Hood's reports are inconsistent with Dr. Spencer's opinion . . . or how the evidence reveals that the status of the knee replacement is not a valid basis from which . . . Dr. Spencer might reach his opinion. . . . The ALJ's statement is a conclusory finding without explanation for its basis. . .". *Id.* at *7-8. This is just one example of the multiple failures to consider evidence under mandatory factors. Further examples can be found in the ALJ's residual functional capacity assessment, from which this court was "left with an RFC assessment which [was] supported by none of the specific limitations stated in the record." *Id.* at *9-11.

3

so it should not have taken longer than normal to become familiar with the facts and issues. Additionally, plaintiff's counsel represented Mr. Coleman at the Appeals Council level and even raised many of the same issues in letters to the Appeals Council that were raised in her initial brief.  Third, the issues in this case were not unusual for a Social Security disability case.  Last, defendant asserts that the unreasonableness of the hours is illuminated by comparing her fee request of over $10,000 with the average EAJA fee awards for 2006, which were approximately $4,700 in the District of Kansas and $3,600 nationwide.[2]  Defendant does not suggest a number for what is a reasonable number of hours in this case.

In plaintiff's Reply to the Commissioner's Response, plaintiff refutes defendant's allegations.   Plaintiff first argues that defendant must make specific objections to the hours submitted but has made only generalized objections, relying on a line of cases from the Third Circuit that indicate the burden shifts to the defendant to show the hours were unreasonable. Second, plaintiff argues that what is a "routine" case is not defined by defendant, nor any of defendant's cited cases. Similarly, plaintiff points out that this is not a routine case as evidenced by "the fact that defendant is being accorded a seventh opportunity to render a proper adjudication."  Next, she rejects defendant's argument that these are typical issues in a Social Security disability case, listing numerous issues and sub-issues that she had to address in Mr. Coleman's case but does not have to in every Social Security disability case.  She noted that the size of the record cannot be used to determine the reasonableness of time expended.  Plaintiff

---

[2] Defendant provided a Declaration of a Fiscal Management Analyst, attached to its response, that gave average dollar amounts paid for attorney fees under EAJA in the District of Kansas, in Region VII of the Social Security Administration's Office of the General Counsel, and on a national level.

4

also rejects the notion that the average EAJA payments of all cases should have any bearing on what is reasonable in this case. Ms. Ernzen points out that settlement amounts can be different than reasonable amounts and cases are resolved at different levels, but all these different cases are averaged together in defendant's numbers. Notably, plaintiff did not respond to defendant's claim that the time spent on the initial brief should have been less due to her familiarity as Mr. Coleman's counsel for his request for review by the Appeals Council.

II.  **Discussion**
1.  *Legal Standard*

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The court has a duty to reduce the hours submitted that were actually worked to hours that were reasonably expended. *Id.* The amount of attorney's fee to be awarded is a decision that lies within the court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

2.  *Specificity of defendant's objections*

Plaintiff alleges that defendant failed to identify with specificity which portion of the plaintiff's fees must be defended, so the objections are too general to satisfy defendant's burden. *See Walton v. Massanari*, 177 F.Supp.2d 359, 363 (E.D. Penn. 2001) (cited by plaintiff in this case for the proposition that "[t]he objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended." Citing *Bell v. United Princeton Prop.*, Inc., 884 F.2d 713, 715 (3d Cir. 1989)).[3] Plaintiff has cited none and this court has found no Tenth Circuit opinion

---
[3] The *Bell* case, the primary case relied upon for this burden shifting has the following requirements: "the adverse party's submissions cannot merely allege in general terms that the

5

adopting this burden shifting or defining what level of specificity is required. Also, the district court retains broad discretion in determining the reasonableness of fees. In a Third Circuit opinion that also cites to *Bell*, the court noted immediately after discussing the burden of the objecting party, that "[o]nce the adverse party raises objections to the fee request, the district court has a *great deal of discretion* to adjust the fee award in light of those objections." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (emphasis added).

Regardless of whether the burden shifting as set forth by plaintiff is accepted by the Third or Tenth Circuit, here defendant did make objections identifying the type of work challenged and the grounds for contending that the hours were unreasonable. The objections, such as that the initial brief taking over forty hours to complete was unreasonable, were more specific than just making a general statement that the amount of hours was excessive. Moreover, the most specific objection, that the time spent on the initial brief was excessive because Ms. Ernzen was familiar with the case, is the only one that this court finds warrants a reduction in hours. Defendant's other objections are of no consequence, and therefore, the court need not address whether the burden shifts to the defendant and the exact level of specificity required for those objections.

   3.     *Whether this was a typical case without complex issues*

Defendant asserts that the issues in this case are typical of Social Security appeals. Defendant does not cite to any cases to show why or how this is a typical case, only noting that the big issues, such as the treating physician opinion and the RFC assessment, in the case are

---

time spent was excessive. In order to be sufficient, . . .they must generally identify the type of work being challenged, and second, they must specifically state the . . . grounds for contending that the hours claimed in that area are unreasonable." *Bell*, 884 F.2d at 720

6

typical. *See Myer v. Barnhart*, 2005 WL 3084898 (D. Kan. Nov. 3, 2005) ("[T]he defendant does not illustrate what constitutes a 'straightforward' disability case, nor whether this case in facts meets the criteria of one."). As plaintiff pointed out in the Reply, this case dealt with numerous issues and sub-issues, which are not dealt with in every Social Security case. This is also contrary to the fact that, as plaintiff pointed out, defendant has been afforded numerous opportunities to review this case according to the correct legal standards prior to this court's review, yet it still was remanded back to the ALJ for numerous errors. *See Cooper v. Apfel*, 1998 WL 748956 (D. Kan. July 2, 1998) ("The Commissioner's second objection is that the 29 hours of work for research and preparation of plaintiff's brief was excessive because this case was 'straightforward' and did not involve any difficult or complex issues. The court has reviewed the hours claimed by plaintiff's counsel [and] finds them reasonable. *The case was apparently not sufficiently straightforward for the Commissioner to recognize the need for remand prior to plaintiff submitting her brief*.") (Emphasis added). Upon independent review, this court agrees with plaintiff that here there were numerous issues and facts not present in every Social Security case, and in light of the Commissioner's numerous errors, the court agrees that these were not typical and straightforward issues sufficient to warrant an hours reduction.

Similarly, defendant further argues that this was only an average case that should have taken only average time. It cites to several cases from this district that show the time for which the attorney was compensated was reduced to forty hours or under. After independent review of the court's prior order in this case, the court disagrees with defendant. Because the ALJ erred in so many aspects, the plaintiff was forced to submit a brief that covered each of those areas in order to make an appropriate presentation and argument to this court. For example, as written by

7

the magistrate judge, the ALJ failed to consider numerous factors and evidence related to the treating physician opinion and the residual functional capacity assessment. The magistrate judge even felt it necessary to address plaintiff's claim that the ALJ should have recontacted Mr. Coleman's physician, even though it was unclear whether it would be necessary on remand. The magistrate judge set forth the law to be applied if such case arose, evidencing the validity of plaintiff's cautious approach and response to the ALJ's rulings. *See generally Myer*, 2005 WL 3084898, at *2 ("[P]laintiff spent 17 hours on the statement of facts and 10 hours on the argument in her opening brief. This total of 27 hours does not appear unreasonable, *particularly when plaintiff was cataloguing and explaining the evidence the ALJ overlooked, ignored, or mischaracterized*." (Emphasis added)). Therefore, the court does not find that Ms. Ernzen should have reasonably spent fewer hours on this case because the issues were typical or because it was an average case as defendant alleges.

4. *Relevance of district, regional, and national averages*

Defendant compared the time in this case to the average number of hours submitted for fees compensation.[4] It concluded that because the time Ms. Ernzen spent on this case was greater than the average case, this fact "illuminated" that the fees sought in this case were unreasonable. The court is not convinced by this broad comparison to averages. The court does not find this evidence alone compelling enough to reduce Ms. Ernzen's hours, particularly without citation to any other cases showing the exact issues raised here were typical or evidence backing up defendant's claim that this individual case was an average case, as discussed in Part II, 3. The court recognizes, as defendant pointed out in its response, that some courts use these

---

[4] *See supra*, note 2.

8

numbers as a guide when reducing hours on another basis.  In *this* case, however, the court does not find that an average case calculation is an indication of whether the hours Ms. Ernzen actually worked were reasonable.

5. *Ms. Ernzen's familiarity with Mr. Coleman's case*

The court finds that Ms. Ernzen was familiar with this case based on the two letters submitted to the Appeals Council on February 16, 2006 and May 31, 2006.  In those letters, she raised several arguments that were also raised in her initial brief, including, for example, that Mr. Coleman's impairments equaled the requirements of Listing 14.09A and probably 8.05, that the ALJ failed to make a proper credibility finding, failed to accord proper weight to treating physician's opinion, and failed to make specific and detailed predicate findings to the residual functional capacity assessment.  She also acknowledged familiarity with the history of the case, noting both in the February letter and in her initial brief to this court that the May 2003 decision by the ALJ that found Mr. Coleman to be disabled was correct even though it was later vacated by the Appeals Council.

The court also takes notice that in the February 16, 2006, letter, Ms. Ernzen requested additional time once the "entire file was received," presumably indicating she did not have it at that time, which would limit her familiarity with the case.  She does not, however, make that request several months later in the May 31 letter.  The court acknowledges that upon filing the initial brief with this court, Ms. Ernzen presumably had to do more research and examine the "entire record" of the case, likely at a more extensive level, as evidenced by the thoroughness of the brief as compared to the letters to the Appeals Council.  With that being taken into consideration, the court also recognizes that Ms. Ernzen raised many of the same issues to this

9

court, which relied on the same factual background. The ALJ's decision dated April 8, 2004 was the decision subject to review at the Appeals Council. It was also the final decision of the Commissioner being reviewed by this court because the Appeals Council declined to review Mr. Coleman's case after Ms. Ernzen's letters were submitted. Thus, the same ALJ decision was subject to review in both contexts in which Ms. Ernzen was advocating on behalf of Mr. Coleman. The court finds that because she represented Mr. Coleman on an appeal with the administrative system and represented him before this court based upon the same ALJ decision raising many of the same issues, the initial brief did not reasonably require in excess of forty hours of work. *See, e.g.*, *Alexander v. Astrue*, 222 Fed. Appx. 767, 2007 WL 901914 (10th Cir. Mar. 27, 2007) (no abuse of discretion where magistrate judge reduced requested fees for 20.5 hours of work to eight hours because "at this point in the litigation Plaintiff's counsel was fully immersed in the case and already familiar with Defendant's argument"); *Williams v. Astrue*, 2007 WL 2582177 (D. Kan. Aug. 28, 2007) ("Counsel did not take this appeal cold, but represented the claimant at the administrative hearings and was thus very familiar with the record before beginning this appeal. In light of these circumstances, the court finds that the 50.5 hours requested solely for brief writing are clearly unreasonable.").

   6.   *Summary of reasonable hours determination*

The court finds that the total hours for which to award compensation, particularly for time spent on the initial brief, must be reduced based on Ms. Ernzen's familiarity with the case from the Appeals Council. Accordingly, the court reduces Ms. Ernzen's request by ten hours. After independently reviewing the record and the party's submissions, the court finds that plaintiff has

satisfied the burden to show that the other submitted hours are reasonable.[5]  This court's decision is in part due to the ALJ's numerous errors, including the many factors not appropriately considered, which likely caused Ms. Ernzen to spend numerous hours in presenting the case to this court.  As a result, this court finds it appropriate to award fees for thirty-one hours spent on the initial brief, despite Ms. Ernzen's familiarity with the case. Therefore, the court grants in part plaintiff's application for EAJA fees and supplemental request, for a total of 58 hours totaling $9302.04.

**IT IS THEREFORE ORDERED** that the plaintiff's application for attorney's fees (doc.26), as well as the subsequent request for fees in the reply, under the EAJA is granted in part and the plaintiff is awarded attorney's fees in the amount of $9,302.04, plus costs in the amount of $350.00.

---

[5] The requested hours associated with the application for attorney's fees are appropriate pursuant to *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). *See also Alexander*, 222 Fed. Appx. At 768 ("Work expended in the preparation and defense of a fee application is compensable under EAJA.").  Defendant did not challenge and the court finds reasonable the compensation for 2.25 hours associated with the fees application, as listed in plaintiff's Exhibit A, due in part to plaintiff's relative success in this matter.  Also, the court does not find that the additional hours requested in the Reply were the result of an "[e]xorbitant, unfounded, or procedurally defective fee application[]," and grants Ms. Ernzen's request for payment associated with the reply in this fee litigation, as well as the settlement negotiations. *Jean*, 496 U.S. at 163.  The 5.25 hours spent on the reply were reasonable.  Plaintiff utilized the reply to respond directly to defendant's arguments and was successful on those responses; Ms. Ernzen did not include in her reply brief anything about familiarity with the case, the sole basis for reducing hours, and therefore, plaintiff is not compensated for the issue on which defendant was successful. *See id.* at 163, n.10 ("*Hensley v. Eckerhart*, 461 U.S. 424 (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained.").

**IT IS SO ORDERED**.

Dated this 28th  day of January, 2008.

_____
John W. Lungstrum
United States District Judge